IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMIAH MOORE,<br>    Plaintiff, | :<br>:<br>: |
| v. | : CIVL ACTION NO. 21-CV-1211 |
| BRIGHTLER, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                                 **MARCH 25, 2021**

Plaintiff Jeremiah Moore, a prisoner currently incarcerated at State Correctional Institution – Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983, raising claims based on the conditions in which he was previously confined at Montgomery County Correctional Facility. He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Moore leave to proceed *in forma pauperis* and dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 8 and for failure to state a claim, pursuant to 28 U.S.C § 1915(e)(2)(B)(ii), with leave to amend.

## I.     FACTUAL ALLEGATIONS[1]

Moore names sixteen Defendants in his Complaint all of whom appear to be employees of the Montgomery County Correctional Facility where Moore was previously incarcerated. (ECF No. 2 at 4-6.)[2] Moore's Complaint suggests that he seeks to raise claims for alleged violations of his constitutional rights based on the conditions in which he was previously

---

[1] The facts set forth in this Memorandum are taken from Moore's Complaint.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

confined.  However, the conclusory and generalized nature of Moore's allegations make it difficult to understand the factual contours of his claims.

Moore asserts that sometime in 2019 he was "mistreated, burdened, and overwhelmed and violated by the Facility Staff whom attempted to quiet [his] voice and suppress [his] grievances."  (*Id.* at 4, 7.)  Moore claims that these "violations [have] led [him] to become dependant [sic] on medication for the mental illnesses caused."  (*Id.* at 7.)  He claims that "these acts were done with malicious intent."  (*Id.*)  Moore alleges generally that the Montgomery County Correctional Facility "promoted faith by way of Inmate Guidelines and robbed [him] of [his] dignity and the development of [his] personality."  (*Id.*)  Moore asserts that he has suffered the following injuries as a result: "weariness, heaviness, distress, sore vexations, fear, anxiety, depression, confusion, loss of dignity, personality defects, . . . [and] loss of sleep" in addition to becoming dependent on unspecified medication.  (*Id.*)  As relief Moore seeks $1.5 million for "justice, compensations, and … punitive damages[.]"  (*Id.* at 9.)  He also asks that the facility and its staff "be punished" for mistreating him, rejecting him, and neglecting him as a human being.  (*Id.*)

## II.  STANDARD OF REVIEW

The Court grants Moore leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

[3] However, as Moore is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court must "accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff," but disregard "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" in determining whether a plaintiff has stated a claim. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018) (quotations omitted). In other words, conclusory allegations do not suffice to state a claim. *Iqbal*, 556 U.S. at 678. As Moore is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"  *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Importantly, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs."  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  In other words, to state a claim for a constitutional violation under § 1983 a plaintiff must allege that each named state-actor defendant violated his constitutional rights.  Moore's Complaint fails to state a claim under § 1983 for the following reasons.

First, Moore does not provide any factual allegations in support of his Complaint.  Specifically, Moore does not independently articulate the relevant who, what, where, when, and how that form the basis for his claims.  As a result, the Court cannot discern what happened to him that Moore believes was a violation of his civil rights, what the circumstances of any such incidents were, or how any of the named Defendants were involved.  When presented with a *pro*

*se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999). However, in this case the Court cannot determine the factual contours of the claims Moore seeks to bring with sufficient clarity to apply the relevant law.

Additionally, Moore's Complaint does not attribute any specific conduct to any particular individual named as a Defendant. Rather, Moore describes the alleged harm in a generalized, conclusory manner and alleges that he has been mistreated, burdened, overwhelmed, violated, oppressed, rejected, disregarded, and neglected without any additional context for these claims. (ECF No. 2 at 7.) Moore's general reference to conduct by the "facility staff" is problematic because it results in a Complaint that is ambiguous with respect to each Defendant's role in the unspecified incidents that allegedly violated Moore's civil rights. These ambiguities in the Complaint "fail to meet *Iqbal's* directive that a 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *See Lawal v. McDonald*, 546 F. App'x 107, 114 (3d Cir. 2014) (citing *Iqbal*, 556 U.S. at 676).

Accordingly, Moore's Complaint does not comply with the requirements of Rule 8 because it does not adequately inform the Court of the issues that need to be determined in this matter, nor does the Complaint provide enough information to put any of the named Defendants on sufficient notice to prepare a defense to Moore's claims. Accordingly, the Court will dismiss the Complaint. However, cognizant of Moore's *pro se* status, the Court recognizes that an opportunity to file an amended complaint may be necessary here to "flesh out" Moore's allegations by giving him an opportunity to explain "the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Accordingly, Moore will be granted given leave to file an

amended complaint within thirty (30) days of the date of this Memorandum and its accompanying Order. Any amended complaint should clearly describe the factual basis for Moore's claims against each named Defendant and how each named Defendant was involved in the alleged denial of his Constitutional rights.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Moore leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety pursuant to Federal Rule of Civil Procedure 8 and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2(B)(ii). The dismissal of Moore's Complaint is without prejudice to him filing an amended complaint in this case with more information about the facts giving rise to his claims. An appropriate Order follows, which provides further instruction about amendment.

                              **BY THE COURT:**

                              **/s/ Juan R. Sánchez**
                              **JUAN R. SÁNCHEZ, C.J.**